```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
                              :    17mc57
                              :
In re APPLICATION OF GRYNBERG, :   OPINION & ORDER
et al.                        :
                              :
                              :
                              :
------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

Applicants Jack J. Grynberg, Grynberg Production Corp. (TX), Grynberg Production Corp. (CO), and Pricaspian Development Corp. (collectively, "Grynberg")[1] bring this application for an order under 28 U.S.C. § 1782 to conduct discovery for use in civil proceedings in Switzerland (the "Swiss Proceedings"). Grynberg seeks permission to serve document subpoenas on James Giffen, the Mercator Corporation, and Cooley LLC, as well as a deposition subpoena on Giffen. The defendants in the Swiss Proceedings—Phillips 66 GmbH, Total (Suisse) S.A., and Eni Suisse S.A. (the "Swiss Defendants")—oppose the application. For the reasons that follow, Grynberg's application is denied.

## BACKGROUND

This application arises from Grynberg's continued efforts to recover a 20% stake in a major oil field located in the Caspian Sea near Kazakhstan. Grynberg is an investor and oil-and-gas prospector by trade who is familiar to this Court.[2] Over the last fifteen years, Grynberg

---

[1] Grynberg appears to be the owner of the corporate applicants and, as discussed below, has previously brought a multitude of cases under his own name and the names of his various corporations. For purposes of clarity, this Order will refer to all Applicants as "Grynberg."

[2] In the past six months alone, Grynberg has filed several actions which were assigned to this Court. In October 2016 he filed a suit against Yitzchak Tshuva, an Israeli billionare, alleging tortious interference with Grynberg's efforts to obtain development permits for a natural-gas field off the coast of Israel. See RSM Production Corp. v. Tshuva, No. 16-CV-8310. Grynberg voluntarily dismissed that action following the initial conference. Earlier this

and his corporate entities have been plaintiffs in more than two hundred federal lawsuits, most of which concerned the same subject matter undergirding the Swiss Proceedings in this case.

In the early 1990s, Grynberg was involved in oil and natural-gas exploration in the territorial waters of Kazakhstan. Grynberg alleges in his many lawsuits that he discovered significant oil and gas resources in the Caspian Sea, and attempted to form a consortium with several western oil companies (including the parent corporations of the Swiss Defendants) to exploit those resources. Grynberg claims that those oil companies, with the aid of James Giffen, appropriated his research and conspired to bribe Kazakh government officials to secure production rights while cutting Grynberg out of the transaction. Grynberg asserts he would otherwise have been entitled to 20% of the profits from exploitation of the field.[3] Each of these suits—one of which came before this Court—were dismissed.

Having been rebuffed in American courts, Grynberg appears to have turned his sights abroad. In addition to the Swiss Proceedings that form the basis of this application, Grynberg recently filed a lawsuit in the Netherlands against Eni S.p.A. and Eni International B.V. (See Eni Suisse's Opposition, ECF No. 16, at 7.) The Dutch court dismissed that case, which asserted the same claims Grynberg intends to prosecute in Switzerland. In rejecting his claims, the Dutch court held that Grynberg "[did] not substantiate [his] assertions factually and

---

year, Grynberg filed a FOIA case titled Grynberg v. Department of Justice, No. 17-CV-723 in the District of Colorado, which was transferred to this Court. In that action, Grynberg seeks the Government's files in a closed criminal case titled United States v. Giffen, No. 03-CR-404.

[3] See, e.g. Grynberg v. Shell Exploration B.V., 433 F. Supp. 2d 1299 (D. Colo. 2006); Grynberg v. Total Compagnie Francaise Des Petroles, No. 03-CV-1280, 2006 WL 1517731 (D. Colo. May 31, 2006); Pricaspian Dev. Corp. v. Total S.A., No. 08-CV-9724, 2009 WL 4163513 (S.D.N.Y. Nov. 25, 2009); Pricaspian Dev. Corp. v. Royal Dutch Shell, No. 08-CV-9726, 2009 WL 1564110 (S.D.N.Y. June 3, 2009).

specifically in any way," and imposed sanctions of more than €300,000 against him. (Eni Suisse Opp. at 7.)

The Swiss Proceedings are at different stages, as Swiss law requires a conciliation period before a plaintiff can file a civil suit. The most advanced action, filed in April 2014, is against Phillips 66. Grynberg also filed separate proceedings against Eni Suisse and Total (Suisse) later in 2014, but failed to file timely Statements of Claim in those cases following the conciliation period. Grynberg claims to have reinstated those cases in March 2017, and intends to file Statements of Claim once he receives authorization from the Swiss court.

In all three cases, Grynberg alleges that the Swiss Defendants are responsible for the tortious conduct of their corporate parents—that is, conspiring with Giffen's "Consortium" to steal Grynberg's confidential information and secure the Kazakh production contracts—because the Swiss Defendants transport and sell oil extracted from the Kazakh field. He brings this discovery application to obtain information and documents from Giffen, Giffen's corporation, and Giffen's counsel regarding the Swiss Defendants' participation in the alleged bribery scheme.

## LEGAL STANDARD

A discovery application under 28 U.S.C. § 1782 "presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so." In re Application of Grupo Qumma, No. M 8-85, 2005 WL 937486, at *1 (S.D.N.Y. April 22, 2005). "A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a

3

foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations omitted).

Once the Court determines that it has the statutory authority to grant the application, it must further decide whether to exercise its discretion to do so "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004). The Supreme Court has identified four "factors that bear consideration" in exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–65 (2004).

## DISCUSSION

In this case, the parties do not dispute that Giffen, the Mercator Corporation, and Cooley are located in this district or that Grynberg is an "interested person" in the Swiss proceedings. The parties disagree as to whether this discovery is sought "for use" in a foreign proceeding and whether the Intel factors weigh in favor of the application.

A. **"For Use" in a Foreign Proceeding**

Evidence is "for use in a foreign proceeding" if it is "something that will be employed with some advantage or serve some use in the proceeding." Certain Funds, Accounts and/or Investment Vehicles v. KPMG, LLP, 798 F.3d 113, 120 (2d Cir. 2015). The Second Circuit has held that there is no necessity requirement under § 1782. See Mees, 793 F.3d at 298 ("Notably, § 1782 makes no mention of necessity, and in several other contexts we and the Supreme Court have declined to read into the statute requirements that are not rooted in its text."). Rather, an applicant can use the statute to "seek discovery of any materials that can be made use of in the foreign proceeding to increase [the] chances of success." Mees, 793 F.3d at 299. The foreign proceeding need not be ongoing, but must be "within reasonable contemplation" of the applicant. Intel, 542 U.S. at 259.

    1. The Phillips 66 GmbH Action

Grynberg's case against Phillips 66 is underway, and the parties appeared before the Swiss court for a hearing on May 3, 2017. The Swiss judge decreed that the hearing would focus solely on three threshold issues: (1) Phillips 66's standing to be sued; (2) the existence of a viable cause of action, and (3) whether the claim is time-barred. (See Declaration of Brant W. Bishop ("Bishop Decl."), ECF No. 12-1, Ex. C.) In a separate decree, the Swiss court noted that "it currently does not seem necessary to carry out any taking of evidence" at the May 3 hearing. (Bishop Decl., Ex. D.) The Swiss judge is expected to rule on the issues discussed at the May 3 conference within six months. (See Second Declaration of Adrian C. Burgi, ECF No. 37-1, at 2.) The parties did not submit any new evidence at the conference, and they disagree about whether

the Swiss court would consider any evidence obtained under this application later in the proceedings.

It is not entirely clear whether the discovery sought by Grynberg in this application is admissible against Phillips 66 in Switzerland. However, district courts presented with § 1782 applications should not engage in "speculative forays" into the admissibility or necessity of evidence in foreign proceedings. Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099 (2d Cir. 1995). Grynberg alleges in the Swiss Proceedings that Phillips 66 has unjustly enriched itself through its association with its parent company ConocoPhillips, which in turn allegedly misappropriated Grynberg's confidential information. It is possible that Grynberg could use discovery from Giffen and his associates about ConocoPhillips' role in the original transaction "in the foreign proceeding to increase [his] chances of success." Mees, 793 F.3d at 299. Accordingly, this Court finds that Grynberg seeks this discovery "for use" in a foreign proceeding.

2. The Total (Suisse) and Eni Suisse Actions

Unlike the Phillips 66 lawsuit, the Swiss Proceedings against Eni Suisse and Total (Suisse) are not currently pending—at most, they are in the "conciliation" process, which may result in a formal lawsuit if the parties are unable to resolve the matter. When no foreign proceeding is ongoing, one must be "within reasonable contemplation" of the party seeking § 1782 relief. Intel, 542 U.S. at 259. This requires "more than a subjective intent to undertake some legal action," and the applicant must "provide some objective indicium that the action is being contemplated." Certain Funds, 798 F.3d at 123. Here, Grynberg represents that he will

file timely Statements of Claim against Total (Suisse) and Eni Suisse as soon as the Swiss court authorizes him to do so.

The procedural posture of these two proceedings makes the question of whether this discovery is sought "for use" in them a closer one. The fact that Grynberg has already missed his chance to file these suits by neglecting to file Statements of Claim within the initial three-year window is not exactly an "objective indicium" that these lawsuits are within his reasonable contemplation. Further, Grynberg has repeatedly filed and lost substantially similar suits in a variety of jurisdictions, suggesting that even if he is personally serious about these lawsuits, the suits themselves are not in fact "reasonable."

The Second Circuit has held, however, that § 1782 relief is available even when the applicant has not yet initiated foreign proceedings and does not need the discovery to file the foreign lawsuit. See Mees, 793 F.3d at 299 ("[E]ven when a foreign proceeding has not yet begun, § 1782 discovery need not be used at all in drafting the complaint in order to satisfy the 'for use' requirement."). Because the discovery that Grynberg seeks in this application is "something that will be employed with some advantage or serve some use" in the Swiss Proceedings against Total (Suisse) and Eni Suisse, it is "for use" within the meaning of § 1782. Certain Funds, 798 F.3d at 120.

B. **Intel Factors**

A finding that a § 1782 application meets the statutory requirements does not end the inquiry. District judges are not obligated to grant relief simply because they are statutorily authorized to do so, and the Supreme Court has articulated a series of factors to guide courts in the exercise of this discretion. See Intel, 542 U.S. at 264–65. The third of these factors—

7

"whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—is fatal to Grynberg's application. Intel, 542 U.S. at 264.

The United States has a well-established policy in favor of the finality of judgments, a policy which both preserves judicial resources and protects parties from abusive litigation. Grynberg's application appears to be yet another attempt to circumvent this policy and obtain discovery on the same set of claims that federal courts have repeatedly dismissed on the merits over the past fifteen years. The fact that he has now launched an international front in his litigation crusade does not entitle Grynberg to the discovery that American courts have previously refused him. Because this Court declines to provide aid under § 1782 for foreign claims that are plainly brought in an attempt to avoid the res judicata effects of prior lawsuits in the United States, Grynberg's application is denied.

## CONCLUSION

For the foregoing reasons, Grynberg's application under 28 U.S.C. § 1782 is denied. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: May 15, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.